THIS OPINION IS NOT INTENDED FOR PUBLICATION OR CITATION. THE AVAILABILITY OF THIS OPINION, IN ELECTRONIC OR PRINTED FORM, IS NOT THE RESULT OF A DIRECT SUBMISSION BY THE COURT.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| IN RE:<br><br>NATALIE ANN BINION,<br><br>Debtor. | CHAPTER 7<br><br>CASE NO. 05-69633<br><br>JUDGE RUSS KENDIG<br><br>**MEMORANDUM OPINION**<br>**(WRITTEN OPINION)** |

This matter comes before the court upon a motion for approval of reaffirmation agreement, filed on April 14, 2006, by creditor DaimlerChrysler Financial Services (hereinafter "Creditor"). A hearing concerning this issue was held on May 22, 2006.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157, and the general order of reference entered in this district on July 16, 1984. This is a core proceeding over which the court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2). Venue in this district and division is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS & PARTIES' ARGUMENTS

Natalie Ann Binion (hereinafter "Debtor") filed a Chapter 7 petition on November 11, 2005. Debtor's statement of intention indicates that she wishes to execute a reaffirmation agreement with Creditor for a debt secured by a 2003 Ford Taurus. Creditor filed a reaffirmation agreement on February 20, 2006.[1] On February 23, 2006, the court issued a notice of filing

---

[1] According to the agreement, Debtor agreed to reaffirm the sum of $6,618.57.

1

deficiency, informing Debtor and Creditor that the reaffirmation agreement did not conform to Form B240 as required by General Order 05-6.

Creditor's overarching argument is that the court should not and cannot require the use of Form B240 for reaffirmation agreements. Creditor includes several sub-arguments in its motion. Creditor first posits that, because Form B240 is considered a procedural form rather than an official form, there is no compelling reason for Form B240 to be adopted as an exclusive form for reaffirmation agreements. Creditor also asserts that its reaffirmation agreement form more substantially complies with 11 U.S.C. § 524 than does Form B240. Third, Creditor argues that Form B240 prohibits the parties from entering into a fully informed and voluntary agreement because of its length and complicated nature. Finally, Creditor asserts that the General Order 05-6 contravenes the Rules Enabling Act because the procedural steps through which to adopt a local rule were not followed.

## DISCUSSION

### I.  11 U.S.C. § 524, BAPCPA and General Order 05-6

Upon the implementation of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereinafter "BAPCPA"), section 524 underwent a number of changes, as subsections were revised and several new subsections were added. Of particular importance to the issue at hand, section 524(c)(2) was amended by BAPCPA and the requirements for enforceability of reaffirmation agreements were removed and replaced with several new requirements under section 524(k).[2] In addition, Section 524(m) states that a presumption of undue hardship arises if the difference between the debtor's monthly income and expenses provided for in Part D of the reaffirmation agreement is less than the monthly payment required under the agreement. 11 U.S.C. § 524(m). If a presumption of undue hardship arises, judicial review of the agreement is required. Id. The Code "no longer envisions a reaffirmation agreement standing alone, supplemented only by the certification of counsel that the debtor understands the agreement that it imposes no undue hardship." David B. Wheeler & Douglas E. Wedge, A Fully Informed Decision: Reaffirmation, Disclosure and the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 79 Am. Bankr. L.J. 789, 800 (2005).

In order to effectively implement the reaffirmation agreement procedures contemplated by BAPCPA, the judges of the United States Bankruptcy Court for the Northern District of Ohio issued General Order 05-6, entitled "Standardized Form for Reaffirmation Agreements." It provides, in pertinent part, "all reaffirmation agreements filed with the court pursuant to 11

---

[2] Section 524(k)(3) now requires the equivalent of what one court deems a "reaffirmation package." See In re Laynas, 2006 WL 1699958 (Bankr. E.D. Pa. 2006). The package consists of several parts: Part A – disclosure statement; Part B – actual reaffirmation agreement; Part C – declaration by debtor's counsel; Part D – statement in support of the reaffirmation agreement signed by debtor; and Part E – motion to be filed if court approval necessary. Id.

2

05-69633-rk    Doc 27    FILED 09/15/06    ENTERED 09/15/06 15:19:45    Page 2 of 7

U.S.C. § 524(c), including accompanying disclosures, debtor's statement in support, and certification by debtor's attorney, if applicable, shall conform substantially to Form B240, promulgated by the Administrative Office of the United States Courts in October 2005 and as hereafter amended." General Order 05-6, United States Bankruptcy Court for the Northern District of Ohio (Nov. 18, 2005).

## II. Official Form

Creditor's first argument is that, not being an Official Form, the court cannot require the use of Form B240. Creditor is correct in its assertion that Form B240 is considered a "Director's Procedural Form" rather than an "Official Form." However, Creditor does not cite, nor can the court find, any authority that would prohibit the exclusive use of the form solely because it is listed as a "Director's Procedural Form" rather than as an "Official Form." Simply reciting a case in which a procedural form was "strongly encouraged"[3] does little to persuade the court that exclusive use of the B240 is not permitted.

Further hindering Creditor's first argument is Rule 9009, which states that "the Director of the Administrative Office of the United States may issue additional forms for use under the Code." Fed. R. Bankr. P. 9009. As one court aptly notes, while this rule does make the use of Official Forms mandatory and delineates who has the authority to issue additional forms, it does not "deal with the bankruptcy court's power to prescribe practice and procedure." In re Walat, 87 B.R. 408, 413 (Bankr. E.D. Va. 1988). Thus the fact that Rule 9009 does not make Procedural Forms mandatory does not prevent the court from doing so when it is needed to regulate court procedure. The purpose behind requiring the use of Form B240 is not to frustrate bankruptcy practitioners. Rather, as discussed infra at Part V, the court seeks to efficiently utilize court time and staff.

## III. Substantial Compliance

Creditor next argues that its form more substantially complies with Section 524 than does Form B240.[4] The court need not engage in an analysis as to which form "better complies" with Section 524. Surely there are multiple permutations of the form that would meet with the requirements of section 524. Nevertheless, if the court were forced to accept these various

---

[3] Creditor cites In re Brown, 248 B.R. 784 (Bankr. N.D. Ohio 2000) for the proposition that a procedural form is not mandatory. In 2000, when this opinion was issued, General Order 05-6 was not in place. Thus, the use of Form B240 was *not* mandatory at that point in time. After the enactment of BAPCPA, new disclosure requirements and a layer of judicial review were added to the reaffirmation agreement equation and the filing of a "reaffirmation package" is now required. In re Laynas, 2006 WL 1699958 (Bankr. E.D. Pa. 2006).

[4] Creditor also argues that, since the form has been accepted by other courts in the district, its form is an acceptable version that can be utilized. "Simply because counsel may have gotten away with something in the past or has previously successfully slipped something by does not mean the practice is acceptable." In re Orrison, 343 B.R. 906, n.1 (Bankr. N.D. Ind. 2006).

3

permutations, it would be deprived of its power to manage its docket. See discussion infra at Part V. It is sufficient that Rule 9009 provides that forms issued by the Director of the Administrative Office of the United States Courts "shall be construed to be consistent with these rules and the Code." Fed. R. Bankr. P. 9009. Rule 9009 directly contradicts Creditor's argument that Form B240 does not comply with Section 524 because of its complicated nature and length. Id.

Thus, Creditor's argument that they should be free to draft their own reaffirmation agreement to ensure compliance with the Code is misplaced. In fact, the preeminent method to assure that the agreement is compliant with the Code is to utilize the B240, a form that has been deemed Code compliant by the Director of the Administrative Office of the United States Courts and the judges in this district.

### IV. Rules Enabling Act

Bankruptcy court authority "to promulgate rules of practice and procedure is a derivative power that stems from 28 U.S.C. § 2075 (a section under the Rules Enabling Act) by which Congress delegated to the Supreme Court 'the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under Title 11'." In re Standing Order, 272 B.R. at 921.

Creditor cites In re Dorner for the proposition that the use of a standing or administrative order requiring Form B240 contravenes the Rules Enabling Act. 343 F.3d 910, 913-14 (7th Cir. 2003). While this case provides that the standing order at issue was invalid, it certainly does not stand for the proposition that *all* standing orders contravene the Rules Enabling Act, as Creditor would assert. Rather, in Dorner, the standing order at issue was held invalid because it contradicted Rules 8006 and 8007 of the Federal Rules of Bankruptcy Procedure.[5] Creditor cannot cite any authority that *requires* a standing order such as the one at hand to be issued in the form of a local rule.

While there are numerous cases analyzing the validity of local rules, there is a lack of case law regarding the validity of standing or general orders. Both prominent cases dealing with the validity of standing orders hold standing orders invalid because they conflict with bankruptcy rules or modify substantive rights. See Dorner, 343 F.3d at 914; Ford Motor Credit Co. v. Randall Johnson (In re Standing Order), 272 B.R. 917, 921 (W.D. La. 2001). There is no test to determine if and when a court is attempting to create a local rule through a standing order, or a

---

[5] The standing order stated that "all bankruptcy appeals transmitted to the United States District Court filed pursuant to the jurisdiction conferred by 28 U.S.C. Section 158 shall be limited to the following documents: (1) Notice of Appeal; (2) A copy of the ordered being appealed; and (3) A copy of the docket sheet." 343 F.3d at 912-13. Further, that "other documents from the main file may be requested on an as needed basis." Id. at 913. The court determined that the standing order "superseded" Rules 8006 ("the record on appeal shall includes the items so designated by the parties") and 8007 (bankruptcy clerk "shall transmit a copy thereof forthwith to the clerk of the district court"). Fed. R. Bankr. P. 8006, 8007.

4

requirement that certain items can only be done through the local rule process. In this case, General Order 05-6 is simply a way in which the court can efficiently adhere to the requirements mandated by 11 U.S.C. § 524 without wasting court time attempting to decipher whether a certain form contains the requisite information for the court to review.

### V. Authority for General Order 05-6

#### A. Rule 9029

Rule 9029 provides, in pertinent part:

> A judge may regulate practice in any manner consistent with federal law, these rules, Official Forms, and local rules of the district. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, Official Forms, or the local rules of the district unless the alleged violator has been furnished in the particular case with an actual notice of the requirement.

Fed. R. Bankr. P. 9029(b).[6] This rule serves to permit "a judge to regulate practice in any manner consistent with federal law, the Federal Rules of Bankruptcy Procedure, the Official Forms and local rules promulgated pursuant to Rule 9029(a)(1)" and assures that practitioners are not punished for violations of such procedural directives of which they are not aware. Lawrence P. King, Collier on Bankruptcy ¶ 9029.04 (15th ed. Rev. 2005). As noted by the Advisory Committee Notes, this rule "recognizes that courts rely on multiple directives to control practice…some courts also have used internal operating procedures, standing orders, and other internal directives." Fed. R. Bankr. P. 9029 advisory committee's note (1995). Further, this rule gives a court flexibility to regulate practice and fill procedural gaps, when needed. Id.; see also In re Murray, 199 B.R. 165 (Bankr. M.D. Tenn. 1996). In this case, the court obtains authority for General Order 05-6 from Rule 9029, as the General Order does not conflict with federal law, the bankruptcy rules, or the Official Forms. Additionally, counsel received notice of this General Order through a "notice of deficiency" issued on April 18, 2006.

#### B. Section 105(a)

The court also derives its authority to issue this general order from 11 U.S.C. § 105. Section 105(a) of the Bankruptcy Code states that "the court may issue an order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). This section acknowledges a court's inherent power to maintain order in the court and assure that bankruptcy cases are fairly administered. In re Ambotiene, 316 B.R. 25, 35 (Bankr. E.D.N.Y. 2004). Recognizing that such inherent powers should be exercised with discretion,

---

[6] The language in Rule 9029(b) directly tracks that of Federal Rule of Civil Procedure 83(b).

Section 105(a) gives bankruptcy courts latitude to manage and "police their dockets." In re Glenn, 288 B.R. 516, 520 (Bankr. E.D. Tenn. 2002); Casse v. Key Bank Nat'l Assn. (In re Casse), 198 F.3d 327, 336 (2d Cir. 1999).[7] See also Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1119 (1st Cir. 1989) (district courts retain the inherent power to do what is necessary and proper to conduct judicial business in a satisfactory manner); In re Walker, 195 B.R. 187, 208 (Bankr. D. N.H. 1996).

Because BAPCPA provided for a new layer of judicial review of reaffirmation agreements, the court had to fashion a way in which to efficiently manage and review the agreements. If each creditor were allowed to submit reaffirmation agreements that it thinks "better" complies with Section 524 and is more convenient for in-house use, information necessary to the court's review of the reaffirmation agreement cannot be found as easily and reviewed as efficiently as it is when Form B240 is used. When Creditor's reaffirmation form is used, the clerk's office and court staff must search for the information necessary for their review, rather than being able to quickly locate such information in its customary place. This imposes an unnecessary burden on court staff and the clerk's office which can be alleviated by the use of Form B240. See In re Orrison, 343 B.R. 906 (Bankr. N.D. Ind. 2006) (holding that custom-designed petition slowed down the administration of justice). The court's inherent power to manage its caseload allows for the easing of this burden.

## CONCLUSION

As noted above, the issuance and required adherence to General Order 05-6 is not designed to frustrate attorneys or creditors. Since the court is charged with judicial review of reaffirmation agreements, it is simply not feasible to allow debtors and creditors to create their own reaffirmation forms. Further, given the construction of Rule 9009 and the court's inherent powers of Section 105 and ability to create procedural directives pursuant to Rule 9029, the court can find no reason as to why General Order 05-6 would *have* to be issued as a local rule. Thus, Creditor's motion for approval of reaffirmation agreement is denied.

A separate order is issued herewith.

/s/ Russ Kendig

SEP 15 2006

Judge Russ Kendig
U.S. Bankruptcy Judge

---

[7] "Courts have used these provisions of section 105 to resolve issues regarding the ability to detect and punish contempt, to regulate the practice of lawyers, to administer the assets under its control and the claims related to them and monitor and supervise all bankruptcy cases." Lawrence P. King, Collier on Bankruptcy ¶ 105.04[1] (15th ed. Rev. 2005).

## Service List

Natalie Ann Binion
228 6th Street SW
Strasburg, OH 44680

Michael Demczyk
P.O. Box 867
12370 Cleveland Ave. NW
Uniontown, OH 44685

Nicole Rohr
3554 Lincoln Way East
Massillon, OH 44646

Gregory A. Stout
Mapother & Mapother
1014 Vine Street, Suite 2320
Cincinnati, Ohio 45202